# IN THE SUPREME COURT OF THE STATE OF NEVADA

COOPER ROOFING AND SOLAR, LLC,
Appellant,
vs.
CHIEF ADMINSTRATIVE OFFICER OF
THE OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION,
DIVISION OF INDUSTRIAL
RELATIONS OF THE DEPARTMENT
OF BUSINESS AND INDUSTRY,
Respondent.

No. 67914

FILED

MAY 1 9 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a petition for judicial review in a labor matter. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

In 2012, respondent Nevada Occupational Safety and Health Administration, Division of Industrial Relations of the Department of Business and Industry (Nevada OSHA), issued a citation to appellant Cooper Roofing and Solar, LLC (Cooper), alleging a workplace safety violation. Cooper contested the citation. Following an evidentiary hearing, the Occupational Safety and Health Review Board (the Review Board) issued an order affirming the citation.

Cooper filed a petition for judicial review of the Review Board's decision. Although Cooper's petition named Nevada OSHA as a respondent, it did not name the Review Board as a respondent. Nevada OSHA filed a motion to dismiss the petition, arguing that Cooper's failure to name the Review Board as a respondent deprived the district court of subject matter jurisdiction to consider the petition. On April 23, 2015, the

16-15835

district court granted Nevada OSHA's motion and dismissed Cooper's petition.

Cooper raises the following issues on appeal: (1) whether the district court committed reversible error by citing to an unpublished order of this court in its order of dismissal, and (2) whether the Review Board is a proper party to the petition.

*Cooper fails to cite to relevant legal authority for its contention that the district court committed reversible error by citing to an unpublished order*

Arguments unsupported by citation to relevant legal authority "are summarily rejected on appeal." *State, Dep't of Motor Vehicles & Pub. Safety v. Rowland*, 107 Nev. 475, 479, 814 P.2d 80, 83 (1991).

Here, the only citation by Cooper in support of its contention that the district court's use of an unpublished order in its decision constitutes reversible error is to SCR 123.[1] However, SCR 123 does not state that a district court's citation to an unpublished order is reversible error. Because Cooper provides no other citation to relevant legal authority in support of its argument, we decline to consider it here.

*The Review Board is a proper party to the petition*

"[P]ursuant to NRS 233B.130(2)(a), it is mandatory to name all parties of record in a petition for judicial review of an administrative decision, and a district court lacks jurisdiction to consider a petition that fails to comply with this requirement." *Washoe Cty. v. Otto*, 128 Nev. 424, 432-33, 282 P.3d 719, 725 (2012). This court reviews compliance with

---

[1]SCR 123 was repealed on January 1, 2016. Because the proceedings in the district court took place before SCR 123's repeal, SCR 123 is still applicable to the current case.

NRS Chapter 233B's naming requirement de novo. *Id.* at 430-31, 282 P.3d at 724.

> *The Review Board is an independent agency that must be named as a respondent under NRS 233B.130(2)(a)*

Amicus curiae Silver State Wire Rope & Rigging (Silver State) argues that Nevada OSHA and the Review Board are not separate agencies under the United States Supreme Court's decision in *Ingalls Shipbuilding, Inc. v. Director, Office of Workers' Compensation Programs, Department of Labor,* 519 U.S. 248 (1997). Therefore, Silver State argues that Cooper was not required to name the Review Board as a respondent in its petition.

In *Ingalls,* the Supreme Court examined what agencies are considered to be proper party respondents in an appeal of an administrative decision under a federal appellate rule similar to NRS 233B.130. *Id.* at 262, 267. At issue in *Ingalls* was whether the Department of Labor's Benefits Review Board was the proper party respondent or if it was the Department of Labor, of which the Benefits Review Board was a part. *Id.* at 267-69. The Court recognized that some agencies "have a split-function regime in which Congress places adjudicatory authority outside the agency charged with administering and enforcing the statute." *Id.* at 267. In deciding whether the adjudicatory authority—the Benefits Review Board—was the proper party respondent or whether only the overarching agency under which the adjudicatory authority operated—the Department of Labor—was the proper party respondent, the *Ingalls* court considered the amount of control that the Department of Labor had over the board. *Id.* at 268-69. While it was not necessary for the overarching agency to "have absolute veto power over the decisions of its adjudicator before the adjudicator is deemed to be 'within'

the agency," the *Ingalls* court held that the Department of Labor's power to appoint the members of the Benefits Review Board and establish its rules of procedure demonstrated the Department of Labor's "indirect but substantial control over the [Benefits Review Board] and its decisions." *Id.*

Here, the members of the Review Board are appointed by the governor, not Nevada OSHA. NRS 618.565(1). The Review Board consists of two representatives of management, two representatives of labor, and one member who is a representative of the public. NRS 618.565(2). Although the statute states that the Review Board is "created under [Nevada OSHA]," NRS 618.565(1), it also states that "[n]o person employed by [Nevada OSHA] may serve as a member of the [Review] Board." NRS 618.565(4). The Review Board also chooses the time and place to hold its review hearings, employs its own legal counsel, and enacts its own rules and regulations governing the conduct of its hearings. NRS 618.585(1)-(2).

Unlike the Benefits Review Board in *Ingalls*, here the members of the Review Board are not chosen by Nevada OSHA. Furthermore, Nevada OSHA has no control over the Review Board's rules of procedure. Lastly, the Review Board is further separated from Nevada OSHA in that no person employed by Nevada OSHA may serve as a member of the Review Board and the Review Board has separate counsel from Nevada OSHA. Therefore, because Nevada OSHA lacks control over the Review Board and its decisions, we hold that the Review Board is an

independent agency that must be named separately from Nevada OSHA in a petition for judicial review.[2]

*Conclusion*

Accordingly, we conclude that the Review Board is an independent agency that must be named separately from Nevada OSHA in a petition for judicial review. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                                        Douglas

_____, J.        _____, J.
Cherry                                          Saitta

_____, J.        _____, J.
Gibbons                                         Pickering

---

[2]Cooper also argues that, under NRS 233B.130, only parties aggrieved by a final decision in a contested case are required to be named in the petition for judicial review. However, NRS 233B.130(1)(b)'s reference to an aggrieved party is only relevant to the question of who is entitled to judicial review of a decision. It is *not* relevant as to who must be named as respondents in such a petition. Therefore, Cooper's argument is without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Timothy C. Williams, District Judge
Israel Kunin, Settlement Judge
Mueller Hinds & Associates
Dep't of Bus. and Indus./Div. of Indus. Relations/Henderson
Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A